UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LASHONDA LEDET | CIVIL ACTION NO. 20-0209 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LAKE AREA PHYSICIAN SERVICES, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Partial Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Lake Area Physician Services, LLC ("Lake Area"), CHRISTUS Health, CHRISTUS Health Southwestern Louisiana, and CHRISTUS Health Northern Louisiana d/b/a CHRISTUS Highland Medical Center (collectively "Defendants"). See Record Document 5. The Motion seeks to dismiss LaShonda Ledet's ("Ledet") sex discrimination claim under Title VII of the Civil Rights Act of 1964. For the foregoing reasons, Defendants' Partial Motion to Dismiss is hereby **GRANTED**.

### I. FACTUAL BACKGROUND

On May 14, 2018, Ledet began work as a Radiology Technician PRN for Lake Area at the CHRISTUS Lake Area Hospital in Lake Charles, Louisiana. See Record Document 1 at ¶5. Within weeks of the commencement of her employment, a physician named Robert Weber allegedly made several racially charged comments toward Ledet. See id. at ¶6. For present purposes, one of these remarks made to a patient while Ledet was present referred to Ledet as the "new big black girl." Id. Ledet reported these statements to her supervisor around May 24, 2018 and was told she should not be so thin-skinned. See id. at ¶7. She then turned to Lake Area's human resources department,

who fired the supervisor and offered to honor Ledet's transfer request to a comparable position in Shreveport. See id. at ¶8. Ledet accepted this offer, moved to Shreveport, and interviewed for a position at CHRISTUS Highland on June 1, 2018. See id. at ¶9. Due to a lack of open positions, Ledet was not offered a job following this interview, and was discharged by Defendants on June 27, 2018. See id.

From these events arise Ledet's instant lawsuit, in which she alleges (1) violation of Title VII of the Civil Rights Act of 1964 for retaliation, race and sexual discrimination; (2) violation of 42 U.S.C. § 1981 for race discrimination in employment; and (3) Louisiana state law detrimental reliance claims. See id. Defendants move to dismiss Ledet's sex discrimination claims.

## II. LAW AND ANALYSIS

### A. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) allows parties to seek dismissal of a pleading for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Pleadings are evaluated under a "plausibility" standard set forth in the seminal cases of Bell Atlantic Corp. v. Twombly and Ashcroft v. Iqbal. See generally 550 U.S. 544, 127 S. Ct. 1955 (2007); 556 U.S. 662, 129 S. Ct. 1937 (2009). In considering a 12(b)(6) motion to dismiss, courts are only obligated to allow those complaints that are facially plausible to survive such a motion. See Iqbal, 556 U.S. at 678-79. A complaint attacked by Rule 12(b)(6) does not need detailed factual allegations, but requires more than labels and conclusions; a "formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. While courts must

accept all factual allegations in the complaint as true, they need not accept legal conclusions as facts. See Iqbal, 556 U.S. at 678. In evaluating a complaint under 12(b)(6), courts do not conduct analysis of the plaintiff's likelihood of success, but rather determine whether a legally cognizable claim has been pleaded. See Larroquette v. Cardinal Health 200, Inc., 466 F.3d 373, 377 (5th Cir. 2006).

### B. Analysis

Defendants argue Ledet's sex discrimination claims must be dismissed for failure to exhaust her administrative remedies as required by Title VII. See Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002) ("Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue."). Specifically, Defendants' Motion asserts Ledet failed to check the box for sex discrimination on her EEOC Charge of Discrimination (hereinafter "Charge"), and the facts in the body of this Charge do not sufficiently demonstrate pursual of a sex discrimination claim. See Record Document 5-1 at 4. They also argue against permitting amendment on futility grounds, as any such amendment would be untimely. See id. at 5. In addition to arguing for amendment over dismissal, Ledet believes her sex discrimination claim should not be dismissed because she (1) was unrepresented by counsel before the EEOC, (2) checked the sex discrimination box on her initial intake sheet, and (3) alleged facts in her Charge that give rise to a sex discrimination claim. See Record Document 7 at 1. Defendants' reply contests these grounds and reiterates its previous arguments for dismissal. See Record Document 8.

### i. Representation Before the EEOC

Ledet states in a sworn affidavit she was unrepresented by counsel before the EEOC in an attempt to excuse her failure to check the sex discrimination box on her Charge. See Record Document 7 at 1; Record Document 7-1 at Ex. A. In support of leniency for this error, she cites Sanchez for the proposition that "in the context of Title VII, no one—not even the unschooled—should be boxed out." See id. at 3; Sanchez v. Standard Brands, Inc., 431 F.2d 455, 466 (5th Cir. 1970). Defendants, however, have produced a letter obtained through a FOIA request for Ledet's EEOC file showing that she was in fact represented by counsel before the EEOC.[1] See Record Document 8-1. While the Court would be more inclined to grant Ledet additional leeway were she representing herself initially before the EEOC, the evidence shows this was not the case.

### ii. Sufficiency of EEOC Charge

In an employment discrimination case, the EEOC charge serves a key role in furthering the purposes of Title VII to "trigger the investigatory and conciliatory procedures of the EEOC, in [an] attempt to achieve non-judicial resolution of employment discrimination claims." McClain v. Lufkin Indus., Inc., 519 F.3d 264, 273 (5th Cir. 2008). However, the charge can only serve this purpose if its factual allegations "put an employer on notice of the existence and nature of the charges against him." Simmons-Myers v. Caesars Entm't Corp., 515 F. App'x 269, 272-73 (5th Cir. 2013). While checking the appropriate boxes on the charge form is certainly helpful in determining the type of

---

[1] As noted by Defendants, the Court may take judicial notice of EEOC documents as a matter of public record when deciding a 12(b)(6) motion. See Barragan-Ochoa v. C B&I, LLC, 2019 WL 1429891 at *3, n.3 (W. D. La. Mar. 7, 2019); see also Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (permitting courts to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509 (2007)).

discrimination being alleged, the crucial element is the factual statement made by the complainant. See Sanchez, 431 F.2d at 462. Consequently, a plaintiff can only pursue a lawsuit that can "reasonably be expected to grow out of the charge of discrimination." Young v. City of Houston, 906 F.2d 177, 179 (5th Cir. 1990).

At the heart of Defendants' Motion for Partial Dismissal is the inadequacy of Ledet's Charge. See Record Document 5-2. Ledet's Charge checked the "Race" and "Retaliation" boxes of alleged discrimination but left the "Sex" box blank. See id. Although Ledet did check the "Sex" box on her initial intake questionnaire, she provides no evidence that this form was ever verified by the EEOC or attached to her formal Charge. See Record Document 7 at 3. The Fifth Circuit has held that an unverified, unattached initial questionnaire cannot be considered a charge and cannot contribute to a review of the scope of exhaustion. See Patton v. Jacobs Eng'g Grp. Inc., 874 F.3d 437, 443 (5th Cir. 2017) (citing 29 C.F.R. § 1601.7). Nevertheless, failure to check the correct box is not fatal, as the key inquiry is one of notice to the employer. See Pacheco v. Mineta, 448 F.3d 783, 792 (5th Cir. 2006).

Ledet's factual statement in her Charge details the "racially offensive comments" she was subjected to by Dr. Weber. Record Document 5-2. While she highlights the racial and retaliatory aspects of her situation, the only mention of her sex is made in quoting Dr. Weber's reference to her as "this new big black girl working in our office." Id. Defendants argue this is nothing more than an innocuous use of the word "girl" and cite to Fifth Circuit case law holding similarly. See Record Document 5 at 5. In Kretchmer v. Eveden, Inc., the plaintiff checked boxes for age and religious discrimination, but raised an additional claim of sex discrimination. See 374 F. App'x 493, 495 (5th Cir. 2010). The only mention

of sex in plaintiff's charge was that he "was ultimately replaced by a woman in her 30's." Id. The court held this statement alone was insufficient to place the defendants on notice of a sex discrimination claim, "particularly when it would seem the statement was made in support of Kretchmer's age discrimination claim." Id. As a result, the district court did not err in dismissing the sex discrimination claim on failure to exhaust grounds. Id.

The situation in Kretchmer mirrors that before the Court. The factual statement in Ledet's Charge emphasizes the racial nature of the comments directed towards her, and the only portion of her Charge that could be reasonably construed to relate to possible sex discrimination also encapsulates and amplifies race. Defendants cannot be held to have received notice of the sex discrimination charges against them based on Ledet's Charge. Therefore, she has not exhausted her administrative remedies with respect to this claim, and it must be dismissed.

### iii. Futility of Amendment

Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without affording the plaintiff at least one chance to amend. See Hernandez v. Ikon Ofc. Solutions, Inc., 306 F. App'x 180, 182 (5th Cir. 2009). However, this general rule is inapplicable if amendment would be futile because the complaint is time-barred on its face and the complaint fails to raise some basis for equitable tolling. See Jaso v. The Coca Cola Co., 435 Fed. App'x 346, 351 (5th Cir. 2011) (citing Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003)).

A plaintiff must file a charge with the EEOC within 300 days of the alleged occurrence of discrimination. See 42 U.S.C. § 2000e-5(e); Mennor v. Fort Hood Nat. Bank, 829 F.2d 553, 554 (5th Cir. 1987). The alleged discrimination at issue here occurred

in May and June of 2018. The instant proceedings, having commenced in March 2020, clearly time-bar Ledet from amending her filing. Although she does argue generally for the law's strong preference of decisions on the merits over technical dismissals, she has made no showing of specific circumstances warranting exemption from the general rule. Further, the Court is satisfied that Ledet retains the opportunity to prove discrimination on racial and retaliatory grounds and is thus not precluded from recovery for the alleged workplace improprieties she suffered.

### III.    CONCLUSION

With respect to her sex discrimination claim, Ledet has not exhausted the available administrative remedies. Because more than 300 days have passed since the alleged instances of discrimination, any amendment would be time-barred, and thus, futile. As a result, Defendants' Partial Motion to Dismiss (Record Document 5) is hereby **GRANTED**.

An order consistent with the instant memorandum ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this 16th day of November, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT