UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LASHONDA LEDET                                CIVIL ACTION NO. 20-0209

VERSUS                                        JUDGE S. MAURICE HICKS, JR.

LAKE AREA PHYSICIAN                           MAGISTRATE JUDGE HORNSBY
SERVICES, LLC, ET AL.

**MEMORANDUM ORDER**

Before the Court is a Motion for Reconsideration (Record Document 47) filed by Plaintiff, Lashonda Ledet ("Ledet" or "Plaintiff"). Plaintiff asks the Court to reconsider its March 29, 2022 Memorandum Ruling and Judgment (Record Documents 44 and 45) dismissing her claims against Defendants Lake Area Physician Services, LLC, CHRISTUS Health, CHRISTUS Health Southwestern Louisiana, and CHRISTUS Health Northern Louisiana d/b/a CHRISTUS Highland Medical Center (collectively "Defendants"). Defendants filed an opposition (Record Document 51) and Plaintiff replied (Record document 52). For the following reasons, the Motion is **DENIED**.

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration per se; however, the Fifth Circuit has recognized that such motions may challenge a judgment or order under Rules 54(b), 59(e), or 60(b). See, e.g., Southern Snow Mfg. Co., v. SnoWizard Holdings, Inc., 921 F. Supp. 2d 548, 564 (E.D. La. Jan. 31, 2013). When the motion for reconsideration concerns a final judgment, as in the current case, Rules 59 and 60 apply. The timing of the motion affects the standard to be applied to the motion. If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a

Rule 60(b) motion. See Duplechain v. Neustrom, No. CV 6:15-2433, 2019 WL 1598155, at *2 (W.D. La. Apr. 15, 2019) (citing Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004)). Here, Plaintiff filed her Motion for Reconsideration within the twenty-eight-day period required for a Rule 59(e) motion. Accordingly, the Court will construe the motion as one under Rule 59(e) of the Federal Rules of Civil Procedure.

Generally, a motion to alter or amend a judgment under Rule 59(e) may be granted for the following grounds: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. Oct. 10, 2001).

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." Templet v. HydroChem Inc., 367 F.3d 473, 479 (5th Cir. 2004). In fact, the Fifth Circuit has noted that the standards for Rule 59(e) "favor the denial" of such motions. See Southern Constructors Group, Inc. v. Dynalectric Co., 2 F.3d 606, 611 (5th Cir. 1993). Furthermore, motions for reconsideration are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment... Rather, Rule 59(e) serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Templet, 367 F.3d at 479 (citations omitted). "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted." Southern Snow Mfg. Co., 921 F. Supp. 2d at 566.

In the Motion for Reconsideration, Plaintiff argues this Court's ruling on Defendants' Motion for Summary Judgment was a manifest error of law and that the Court "failed to analyze and consider circumstantial evidence of pretext on her retaliation claim." See Record Document 47-2 at 7. Defendants, in opposing the motion, argue that Plaintiff's motion attempts to rehash the same evidence, legal theories, and arguments previously presented by Plaintiff at the summary judgment stage. See Record Document 51 at 2. In response, Plaintiff argues that Defendants "misapprehend" and "distort" her contentions. See Record Document 52 at 6.

After reviewing the arguments and evidence cited by the parties, as well as the record in this case, the Court finds that no independent reason exists for reconsideration other than Plaintiff's disagreement with the Court's granting of summary judgment. To the extent that Plaintiff raises new arguments in her Motion to Reconsider, Plaintiff fails to provide the Court with any basis for why those arguments were not raised in her opposition to summary judgment. Moreover, to the extent Plaintiff rehashes arguments asserted in her opposition to summary judgment, those arguments were thoroughly considered by the Court at the summary judgment stage.

Most notably, Plaintiff cites that this Court did not consider "the compelling force of pretext" in its Memorandum Ruling and this failure is manifest error. However, Plaintiff raised a similar argument in opposition to summary judgment. Plaintiff's Motion for Reconsideration appears to merely brief the argument more fully and couch the argument as a "manifest error" of the Court. The Court considered Plaintiff's argument at the summary judgment stage and found that Defendants were entitled to summary judgment.

Plaintiff has not cited any evidence of substantial error or unusual circumstances warranting the granting of the Motion for Reconsideration, as required by Federal Rule of Civil Procedure 59(e). The facts do not warrant the "disfavored, extraordinary remedy" Plaintiff requests, a remedy that is disfavored by the Fifth Circuit. See Johnson v. Fanial, No. 6:17-CV-00571, 2020 WL 262758, at *2 (W.D. La. Jan. 16, 2020).

Accordingly,

The Court finds that Plaintiff has not made the requisite showing, and thus, the Motion is **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 10th day of March, 2023.

_____
S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT JUDGE